868 P.2d 646

James R. BALLARD, Wayne Ballard, and Glenn Ballard d/b/a Ballard and Sons, Contractors, Plaintiffs–Appellants,

v.

Ben CHAVEZ, Ernest Grando, Lavaughn Boroughs, Pablo Madrid, and Bernie Pleau for the Board of Trustees of the Loving Municipal School District, Defendants–Third–Party Plaintiffs–Appellees,

v.

BERYL DURHAM & ASSOCIATES, Third-party Defendant.

No. 20683.

Supreme Court of New Mexico.

Jan. 12, 1994.

Blenden Law Firm, Phil Blenden, Carlsbad, for plaintiffs-appellants.

Kevin M. Brown, Elizabeth L. German, Albuquerque, for defendants-third-party plaintiffs-appellees.

## OPINION

FROST, Justice.

Plaintiffs–Appellants, James, Wayne, and Glenn Ballard doing business as Ballard and Sons (Ballard), appeal from the district court's order dismissing their contract suit against Defendants–Appellees, members of the Board of Trustees of the Loving Municipal School District (Loving School District), for failure to state a claim upon which relief can be granted. Ballard, who had entered a contract with Loving School District to build Phase I of Loving High School, sued Loving School District to recover costs it claimed were mistakenly deducted twice from its contract price. Finding that Ballard was improperly attempting to change its bid in violation of NMSA 1978, Section 13–1–106 (Repl.Pamp.1992) of the New Mexico Procurement Code, NMSA 1978, §§ 13–1–1 to –117 & 13–1–118 to –199 (Repl.Pamp.1992 & Supp.1993), the district court dismissed Ballard's complaint. We reverse.

Because we are reviewing a motion to dismiss for failure to state a claim pursuant to SCRA 1986, 1–012(B)(6), we accept as true all well-pleaded facts in the complaint and ask whether the plaintiff can prevail under any state of facts provable under the claim. *California First Bank v. State*, 111 N.M. 64, 66, 801 P.2d 646, 666 (1990). Accordingly, the following recitation of facts is based upon the well-pleaded allegations of Ballard's amended complaint.

Ballard, a general contractor, submitted a bid to construct Phase I of Loving High School, and Ballard's bid was accepted. On December 26, 1988, Ballard signed a written contract with Loving School District to construct Phase I of Loving High School. Simultaneously with the signing of the contract, the parties executed a change order that modified the contract by deducting the cost of paving certain parking areas. When Ballard and Loving School District executed the contract and change order, they did not realize that the cost of paving deducted in the change order had already been deducted in the contract from the total cost of construction. Thus, the contracting parties made a mutual mistake by inadvertently deducting the paving cost twice. The double deduction allegedly cost Ballard $93,840, $20,000 of which has been paid to Ballard by Loving School District. Ballard seeks equitable relief through contract reformation to compensate its loss.

The district court dismissed Ballard's complaint because it concluded that reforming the contract would constitute a modification of the bid price in violation of Section 13–1–106.[1] Citing *Gardner–Zemke Co. v. State*, 109 N.M. 729, 790 P.2d 1010 (1990), the district court further held that Ballard's claim is barred by the rule that a bidder who fails to learn what could have been discovered by careful review of contract documents cannot rely upon his misunderstanding to seek contract reformation.

The district court's error lies in the fact that there is a clear theoretical and statutory distinction between bids, which are essentially offers to contract, and contracts. *Compare* NMSA 1978, § 13–1–84 (Repl. Pamp.1992) (defining "responsive bid" as "a bid which conforms in all material respects to the requirements set forth in the invitation for bids") *with* NMSA 1978, § 13–1–41 (Repl. Pamp.1992) (defining "contract" as "any agreement for the procurement of items of tangible personal property, services or construction"). While Section 13–1–106 can prevent modification of bid prices after bid opening, it does not address contracts or contract modification or reformation.

■ Ballard is not requesting modification of its bid; it is requesting modification of a written contract. When the mistake of the double deduction was discovered, Ballard and Loving School District had already entered into the contract, including the written change order that amended the contract and became an integral part thereof. Because Section 13–1–106 relates to bids and not contracts, it is not applicable and it does not preclude contract reformation based upon mutual mistake discovered after contract formation as in this case.[2]

■ Mutual mistake is grounds for contract reformation in New Mexico. *State ex rel. State Highway & Transp. Dep't v. Garley*, 111 N.M. 383, 388, 806 P.2d 32, 37 (1991). Restatement (Second) of Contracts, Section 155, states:

> Where a writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents

---

1. Section 13–1–106 states:

   **Competitive sealed bids; correction or withdrawal of bids.**

   A. A bid containing a mistake discovered before bid opening may be modified or withdrawn by a bidder prior to the time set for bid opening by delivering written or telegraphic notice to the location designated in the invitation for bids as the place where bids are to be received. After bid opening, no modification in bid prices or other provisions of bids shall be permitted. A low bidder alleging a material mistake of fact which makes his bid nonresponsive may be permitted to withdraw its bid if:

   (1) the mistake is clearly evident on the face of the bid document; or

   (2) the bidder submits evidence which clearly and convincingly demonstrates that a mistake was made.

   B. Any decision by a procurement officer to permit or deny the withdrawal of a bid on the basis of a mistake contained therein shall be supported by a determination setting forth the grounds for the decision.

2. Loving School District argues that Ballard's claim is also barred by NMSA 1978, § 37–1–23 (Repl.Pamp.1990) which states that governmental entities are granted immunity from actions that are not based on a valid written contract. Because the contract and the change order containing the mutual mistake that Ballard seeks to reform are both written, we reject this contention.

or effect of the writing, the court may at the request of a party reform the writing to express the agreement. . . .

Restatement (Second) of Contracts § 155 (1979).. The Restatement further explains that "[t]he error in expressing the agreement [which may be reformed under Section 155] may consist in the omission or erroneous reduction to writing of a term agreed upon or the inclusion of a term not agreed upon." Restatement (Second) of Contracts § 155 cmt. a (1979). Thus, a mutual mistake by Ballard and Loving School District of accidentally deducting the same paving expense twice can be subject to reformation.

 This is so despite the fact that each party to a contract has a duty to read and familiarize himself with the contents of the contract, each party generally is presumed to know the terms of the agreement, and each is ordinarily bound thereby, *Smith v. Price's Creameries, a Div. of Creamland Dairies, Inc.*, 98 N.M. 541, 545, 650 P.2d 825, 829 (1982). "A mistaken party's fault in failing to know or discover the facts before making the contract does not bar him from . . . reformation under [Restatement (Second) of Contracts Section 155], unless his fault amounts to a failure to act in good faith and in accordance with reasonable standards of fair dealing." Restatement (Second) of Contracts § 157 (1979). Thus, when reformation based upon mutual mistake is appropriate, reformation is an exception to the general rule that parties will be bound to the terms of their express, written contracts and will not be excused from their duty to know these terms. *See Garley*, 111 N.M. at 391, 806 P.2d at 40.

Our decision in *Gardner–Zemke* is distinguishable and inapplicable because it did not involve a question of mutual mistake. In *Gardner–Zemke*, a building contractor sued to enforce a contract clause allowing the contract to be equitably adjusted if subsurface conditions differed materially from what the contractor could reasonably expect. 109 N.M. at 731, 790 P.2d at 1012. Analyzing the plaintiff's changed condition claim, the Court refused to adjust the contract, finding that the contractor was not reasonably unaware of the condition since it had not read a

portion of the contract. *Id.* at 734–35, 790 P.2d at 1015–16.

In sum, the equitable remedy of reformation is potentially available to Ballard. We express no opinion on the merits of this action, leaving evaluation of the facts to the district court.

We reverse the decision of the district court and set aside its Order of Dismissal.

**IT IS SO ORDERED.**

RANSOM, C.J., and MONTGOMERY, J., concur.